IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH L. HUDSON,

                                                  OPINION AND ORDER

                Plaintiff,

                                                   12-cv-64-bbc

    v.

LANDS' END, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is scheduled for trial on April 22, 2013.  The parties have filed several motions in limine, which I will take up in this order.

A. Plaintiff's Motions in Limine

1. Plaintiff's retention of an attorney in May 2009

Plaintiff wants to bar defendant from introducing evidence that plaintiff retained an attorney after he received his 2008 performance evaluation.  Defendant contends that it is relevant because it undermines the credibility of his deposition testimony that he was not concerned about the reduction in his bonus amount following his performance review.  Although plaintiff is not alleging that his performance review was an age-related decision, the fact that he hired counsel after receiving the review is evidence to the contrary and therefore, can be introduced to attack his general credibility.  Fed. R. Evid. 613(b) (extrinsic evidence

1

of witness's prior inconsistent statement is admissible so long as witness is given opportunity to explain or deny it).  Plaintiff's motion will be denied.

2. Litigation in the Circuit Court for Iowa County

Plaintiff wants to bar defendant from introducing any evidence of defendant's effort to recover the severance it paid plaintiff after his 2009 termination.  Defendant took the position that the money had been paid on the assumption that plaintiff would be signing a separation agreement and waiving potential claims.  The matter was eventually resolved by a state court ruling that plaintiff was to repay the severance.

Defendant says that other terminated employees will be testifying about having been provided a severance package similar to plaintiff's for the purpose of establishing their bias or lack of bias toward defendant and it contends that the offer to plaintiff is admissible to show that he was treated like other terminated employees.  It argues that once that evidence is put into the record, defendant should be able to question plaintiff about his refusal to pay it back and thereby attack the credibility of his testimony that "there was no money issue" about his termination.

If defendant is correct about the other employees' testimony, it will be allowed to ask plaintiff whether he did or did not pay the money back upon request, but it will not be allowed to ask about the Iowa County litigation unless plaintiff denies that he withheld the severance money.

3. <u>Exclusion of defendant Mark Meitzen's testimony and expert report</u>

Plaintiff wants to exclude the evidence from Meitzen on the ground that his opinions are unreliable and outside the scope of permissible expert testimony. He argues that many of Meitzen's most relevant opinions are based on information he learned from defendant's in house legal counsel, which makes the opinions suspect. For example, Meitzen writes in his report that if plaintiff had not been terminated when he was, he could have expected to be employed by defendant for no longer than 1.5 years, that defendant hires merchandise managers from outside the company more often than it hires from within and that managers with relatively high skills and knowledge can use the skills they have developed for the benefit of other employers, which means that there is a high degree of mobility among employees within the industry.

It appears, however, that most of the opinions to which Meitzen will be testifying were based on personnel and payroll data from defendant's records for 2005-12 of hires and terminations of persons employed in jobs similar to plaintiff's. Opinions formed in this manner are not subject to exclusion in the absence of evidence suggesting that the foundation evidence is unreliable. Plaintiff has adduced no such evidence so his motion to exclude the opinions that Meitzen developed from his review of defendant's data must be denied. However, Meitzen will not be allowed to testify about information he learned solely through discussions with defendant's in house counsel.

B. Defendant's Motions in Limine

1. Exclusion of expert testimony by Dr. Bruce Niendorf

Defendant contends that Dr. Niendorf's testimony should be excluded because it violates the court's scheduling order, as amended by the parties' agreement. It maintains that its agreement with plaintiff was that if either Niendorf or Kevin Schutz filed a rebuttal report, the report would be "specifically and solely limited to rebutting those opinions contained in Dr. Meitzen's expert report" and that plaintiff violated this agreement by filing a report by Niendorf that is not limited to rebuttal of Mietzen's report.

According to defendant, Schutz prepared an expert report in his capacity as a rehabilitation counselor. The report covered plaintiff's efforts to find replacement employment and the reasonableness of those efforts, as well as an anticipated time period for finding a new job and anticipated salary in the new job. Schutz never discussed the loss of fringe benefits and he did not undertake any financial analysis of the present value of the amount by which plaintiff's anticipated replacement employment fell short of his former employment.

Meitzen never addressed the subjects of loss of fringe benefits or the present value of the loss of those benefits because Schutz had not done so. Meitzen did not address the question whether plaintiff's inability to find replacement employment of equal value to his employment with defendant would cause him a loss of income or what the present value of such a loss would be because he believed that plaintiff's employment would have ended within a discrete period of time, even if he had not been terminated in 2009.

When Niendorf prepared what was to be his report in rebuttal to Meitzen's, he discussed the value of benefits lost by plaintiff, including health, dental and life insurance benefits and the 401(k) plan. Defendant objects to this new discussion, arguing that plaintiff had led it to believe that it was not seeking lost benefits as damages. Plaintiff argues that the benefits discussion was no surprise to defendant because he had brought up the issue a numbers of times. He alleged in his complaint that "defendant's unlawful conduct was a substantial factor in causing the plaintiff to suffer a significant loss of wages and benefits, both past and future," Cpt., dkt. #1, ¶ 24; he stated in answers to interrogatories during the Equal Rights Division proceeding that he was claiming benefits in addition to lost wages; and he included in the answers to interrogatories he filed in this proceeding an updated wage loss calculation that included calculations for lost profit sharing and lost bonuses and information about the value of defendant's contribution to plaintiff's insurance benefits and 401(k) plan.

I will allow Niendorf to testify about his rebuttal report because I agree with plaintiff that defendant had fair warning about the issue of benefits. However, I will allow Meitzen to address the issue of benefits in a supplemental report, because plaintiff had not developed any expert evidence on this point before Meitzen prepared his original report. Defendant may have until noon on Wednesday, April 17, 2013 to provide Meitzen's opinions on this issue to plaintiff. As to the loss of income resulting from plaintiff's inability to find equally well-paying employment and the present value of that loss, defendant will have to rely on Meitzen's opinion that plaintiff is not entitled to any award for such a loss because he would

have been terminated within 1.5 years in any event.

## 2. Plaintiff's evaluations prior to his 2007 promotion

Defendant wants to exclude any evidence of plaintiff's earlier evaluations; plaintiff does not object, so long as he can put in evidence of his reviews during 2007 and 2008. Apparently, the 2007 reviews include his work as senior merchandise manager and as general merchandise manager. Defendant says that the only reviews that are relevant are those covering his work in the general manager position. If, as plaintiff says, the 2007 review covers his work in the latter position, it will be admitted. If it does not, it will be excluded.

## 3. Plaintiff's alleged lost bonus for fiscal year 2008

Plaintiff received an "inconsistent" assessment in his 2008 performance review and, as a result, was entitled to only 75% of his full bonus amount. In arguing that he should be allowed to recoup the additional 25%, plaintiff is essentially reiterating the arguments made in opposition to defendant's motion to exclude Niendorf's testimony. For the same reason that Niendorf's testimony will be admissible on the issue of lost benefits, plaintiff will be allowed to proceed with his claim that those lost benefits include the 25% of his bonus that was withheld from him in 2009.

## 4. Motion to exclude evidence of the initial determination of probable cause by the Equal Rights Division

Plaintiff does not oppose this motion, but reserves the right to introduce the evidence of the initial determination if defendant introduces evidence drawn from the earlier proceeding. I will reserve a ruling on this issue.

5. Motion to exclude testimony from Ernesto Ramirez

Defendant wants to exclude any evidence from Ernesto Ramirez about plaintiff's job performance on the ground that Ramirez was not one of the decision makers but held a lower-ranking job than plaintiff. Plaintiff wants to introduce Ramirez's testimony that he worked closely with plaintiff and that, contrary to Fitzgerald's opinions that plaintiff lacked credibility "across [his] team, peer group and senior leaders," he had such credibility and he developed innovative strategies to increase business. Defendant's motion to exclude this evidence will be granted, Burks v. Wisconsin Dept. of Transportation, 464 F.3d 744, 753 (7th Cir. 2006) (statements of coworkers insufficient to show that plaintiff was meeting legitimate expectations of employers), unless plaintiff can show that Ramirez will testify about specific examples of conduct that would tend to impeach the testimony of the decision makers. Thus, Ramirez will not be allowed to testify to such things as whether he believed plaintiff "was a good leader" or whether he had the support of his team, but he can testify to matters that directly contradict defendant's stated reasons for his termination. For example, if defendant had said that it terminated plaintiff because he did not come to work until 11:00, and a witness could testify that plaintiff always came to work at 8:00, that would tend to show that defendant's reasons for terminating plaintiff were not truthful. In

addition, Ramirez will be allowed to testify about conversations he had with Lisa Fitzgerald and Nick Coe about plaintiff's discharge.

6. Motion to exclude any evidence about reinstatement or front pay from the jury

Plaintiff does not oppose this motion. The parties agree that these issues are for the court.

ORDER

IT IS ORDERED that

- Defendant may introduce evidence of plaintiff's retention of an attorney in May 2009;

- Defendant may inquire into its litigation with plaintiff in Iowa County only if plaintiff denies that he failed to return his severance package when asked to do so;

- Defendant may introduce evidence from Mark Meitzen about the opinions he formed from his review of defendant's records, but not about matters that Meitzen learned of only from defendant's in house counsel;

- Niendorf may testify about his rebuttal report;

- Meitzen may have until Wednesday, April 17, 2013 to prepare a supplemental report on the issue of benefits, but not on the issue of the

- present value of any lost income resulting from plaintiff's inability to find equal employment;

- Plaintiff may introduce his evaluations from the years 2007 and 2008;

- Plaintiff may proceed on his claim that his lost benefits include the 25% of his bonus that was withheld from him in 2009;

- Neither party may introduce evidence of the Equal Rights Division's initial determination of probable cause;

- Ernesto Ramirez will be allowed to testify about conversations he had with Lisa Fitzgerald and Nick Coe about plaintiff's discharge and about specific information that tends to impeach the decision makers' stated reasons for terminating plaintiff but he may not testify about his own opinions of plaintiff's work or whether he believed that plaintiff was meeting expectations;

- Neither party may introduce evidence about reinstatement or front pay before the jury.

Entered this 11th day of April, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

.